FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK WORTH,<br><br>      Petitioner,<br><br> v.<br><br>STATE OF WASHINGTON,<br><br>      Respondent. | No. 2:23-CV-00101-MKD<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

On April 12, 2023, Petitioner filed a document titled, "Notice of Criminal Appeal," ECF No. 1, which the Court liberally construed as a Petition for Writ of Habeas Corpus by a State Prisoner pursuant to 28 U.S.C. § 2254, ECF No. 6 at 1. Petitioner is a prisoner at the Washington State Penitentiary. On April 27, 2023, he paid the $5.00 filing fee to commence this action.

By Order entered May 5, 2023, the Court directed Petitioner to complete and file a form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody within thirty (30) days to proceed with this action. ECF

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 1

No. 6 at 3, 8.  The Court instructed Petitioner that he is required to demonstrate he has fully exhausted each ground for federal habeas corpus relief he presents to the Court.  ECF No. 6 at 3.

On June 2, 2023, Petitioner filed a Motion for Extension of Time and attachments consisting of 329 pages.  *See* ECF No. 7.  He seeks an additional 30 days to file a federal habeas corpus petition.  ECF No. 7 at 2.  For the reasons set forth below, the Court finds that it is appropriate to dismiss this action without prejudice and to deny the motion for extension of time as moot.

**A. Timeliness**

In the Court's May 5 Order, it questioned whether Petitioner's filing was timely under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d).  *See* ECF No. 6 at 5-7.  Petitioner submitted numerous documents along with his motion for extension of time.  *See* ECF No. 7.  It no longer appears to the Court that a federal habeas corpus petition would be untimely.  Rather, it appears from Petitioner's statements regarding his direct appeal and state collateral proceedings, ECF No. 7 at 3-4, that a federal habeas corpus petition under 28 U.S.C. § 2254 is premature.

In his Motion for Extension of Time, Petitioner clarifies that the Washington State Supreme Court denied direct appellate review on May 4, 2022.  ECF No. 7 at 3.  Petitioner is correct that a prisoner must seek federal habeas relief within one

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 2

year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). However, any concern that he had only one year after May 4, 2022, to file a federal habeas corpus petition seems to be misplaced.

The period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeing such review[.]" 28 U.S.C. § 2244(d)(1)(A). "[T]he period of 'direct review' . . . includes the 90-day period within which a petitioner can file a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Petitioner does not advise that he filed a petition for a writ of certiorari. Presuming that he did not, the federal limitations period would not have begun to run until August 3, 2022.

The one-year statute of limitations is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that a state habeas petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-15 (2005) (holding an untimely state postconviction petition was not "properly

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 3

1   filed," within the meaning of the statutory tolling provision of AEDPA). Petitioner
2   has indicated that a Personal Restraint Petition he filed on August 18, 2021, is still
3   pending, as is a state habeas corpus petition he filed on April 28, 2023. ECF No. 7
4   at 3. Therefore, the federal limitations period appears to have already been tolled
5   under 28 U.S.C. § 2244(d)(1). The Court makes no findings as to whether these
6   were properly filed, however.

7   If the federal limitations period was tolled on August 18, 2021, the one-year
8   limitations period would not have begun running on August 3, 2022, and it will not
9   begin to run until the Washington State Supreme Court issues its final ruling
10  concerning Petitioner's Personal Restraint Petition. Indeed, the federal limitations
11  period may be further tolled if the state courts determine that Petitioner's state
12  habeas corpus petition was also "properly filed" on April 28, 2023. *See Pace*, 544
13  U.S. at 417.

14  **B. Exhaustion**

15  Petitioner has indicated that several claims that he would include in a federal
16  habeas corpus petition have not yet been exhausted and he wishes to "preserve all
17  [his] grounds for this Court to review." ECF No. 7 at 6. Because the federal
18  limitations period does not appear to have commenced and Petitioner has
19  admittedly not exhausted all of his state court remedies concerning grounds he
20  wishes to present, the Court finds it appropriate to dismiss the present action

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 4

without prejudice in order for Petitioner to fully exhausting his claims.  This renders Petitioner's Motion for Extension of Time, ECF No. 7, as well as any request to stay these proceedings, moot.

### C. Petition for Writ of Habeas Corpus Generally

Petitioner must be mindful that before a federal court will consider the merits of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the Washington Supreme Court.  A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1)(A); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *see Granberry v. Greer*, 481 U.S. 129, 134 (1987).  The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude.  *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Moreover, a petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal legal theory and the same factual basis asserted in the federal petition.  *Picard v. Connor*, 404

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 5

U.S. 270, 275-76 (1971).  It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled.  *Id.*; *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982) (citing *Schiers v. People of State of California*, 333 F.2d 173 (1964) and *Blair v. California*, 340 F.2d 741 (9th Circ. 1965)).

Petitioner is again reminded that the United States District Court for the Eastern District of Washington is not a Court of Appeals.  If Petitioner wishes to appeal a decision of the Washington State Supreme Court, then he must do so in a timely fashion to the United States Supreme Court.  *See Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003); *see Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker–Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court[.]"); 28 U.S.C. § 1257(a).

Petitioner should be mindful of the one-year period of limitations set forth in 28 U.S.C. § 2244(d).  In any future habeas corpus petition he may choose to file in this Court, Petitioner should consider that it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review.  *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).

ORDER DISMISSING ACTION WITHOUT PREJUDICE - 6

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** as unexhausted and premature.

2. The Motion for Extension of Time, ECF No. 7, is **DENIED as moot.**

3. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

4. The Clerk's Office shall file this Order, **ENTER JUDGMENT**, provide copies to Petitioner, and **CLOSE** this file.

DATED June 12, 2023.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE